BOGGS, Judge,
concurring fully and specially.
I agree with the majority that in the absence of Georgia precedent, we should be guided by federal authority holding that there is no right of appeal from the denial of a motion filed pursuant to Fed. R. Civ. R 54 (b), which is nearly identical to OCGA § 9-11-54 (b). And I recognize and appreciate the undesirability of piecemeal appeals. I write, however, to emphasize the possible inequity in foreclosing appellate review, especially under the circumstances of this case. Synovus’ judgment here is hostage to the claim between the third-party plaintiff and the third-party defendant. Synovus has no standing to request a resolution of the claim between those parties, leaving the door open to collusion to delay Synovus from receiving and seeking collection of its judgment. Synovus runs the risk of losing priority position or assets available to satisfy its judgment, without any recourse. Indeed, Rule 54 (b) “was originally enacted to avoid the possible injustice that might result if judgment of a distinctly separate claim were delayed until adjudication of the entire case.” See Page v. Preisser, 585 F2d 336, 339 (I) (B) (8th Cir. 1978). A right of appeal is the only means to consider whether there has been injustice in the delay of a judgment on a distinctly separate claim via the trial court’s denial of certification, especially here where there is no explanation for the court’s ruling. But this right of appeal can only be granted by the General Assembly.